Advanced Pharmaceutical Consultants, Mr. Johnson. Thank you, Your Honor. May it please the Court, I'm Rick Johnson, Tallahassee, Florida. I'm here for the appellant, Ronda Scott, and though I'm old, we're here on a that the Court entered summary judgment against us on our two whistleblower claims. One was public whistleblower, the other private whistleblower, but the Court thought that the question was close enough that it merited an interlocutory appeal under 1292B, and so the trial court certified that, and that's the posture we're here on. It's obviously a pretrial appeal, and we think that Well, the 1292B appeal also requires an application to this Court, and there was not one filed in a timely manner, as I understand it. By the other side, but by our side. We have a 54, I thought we have a 54B appeal, and then we have one that purported to be a 1292B appeal, but the problem was that Centurion had never filed an application in this Court on that appeal. Right, and yeah, I mean, I think they've got a problem with that, but I don't think we do. Right, yeah, but I thought yours was a 54B. You purported to be a 54B. I thought it was both. 1292B and 54B. We basically just followed what the trial judge said it was. Counsel, I can understand how you would come to that conclusion, because I have to say, I was a little confused by page 20 of the trial court's order, and let me read the two parts that may be causing some confusion here. So, the first sentence is, that I'm reading from, is on the sort of the above the order, the decorative language part, the paragraph before it, and it states, the intentional interference claim not resolved by this order, and that's not resolved by 54B judgment, is not otherwise appealable. The claim meets the 1292B requirements. The claim involves a controlling question of law, to which there is substantial ground for difference of this order will be appealable under 1292, but the claims, plural, resolved by the 54B judgment otherwise meet the 1292B requirements. So, I think that's where you're getting that all of it meets both, but in the decorative part, the part where it says, it is ordered, it says, the intentional interference claim that against Centurion remains pending, the claim, that one that he just mentioned, meets the requirements for immediate appeal under 28 U.S.C. 1292B. Yeah, that's the very last line. Right. Yeah, and I assume that given all that had been said before, that that was referring back to the whistleblower claims, not the intentional. Except they don't say the claim. Pardon me? The claim. The claim, yeah. So, I mean, that introduces an ambiguity into it, but with everything that was explaining it before, assume with me for the moment that it's a Rule 54B only, your appeal. Assume that for me for a second, okay? Okay. All right. There are really two requirements. One is a finality requirement, and the other is that there be just reasons for taking an interlocutory appeal under Rule 54B. With regard to finality, I think you're fine with regard to, I'll call it APC or advanced, because all claims against that party had been, summary judgment had been entered. But with regard to Centurion, that is not necessarily true. And so the finality requirement there, where only some claims against the party have been dismissed, requires that there be no separability between the claim that remains pending and the claim that, or that it be the claim that's on appeal and that's pending here. But in your jurisdictional response, all parties seem to concede that the relief being sought in the tortious interference claim, which is back pay and compensation, is essentially the same for the whistleblower claim. Do I have that wrong? If I said that, I wish I hadn't. Yeah, that's for sure. Because, you see, what I think is that the intentional interference claim was approved for trial, and there needed to be a jury trial on that, but that it was going to be held up until this court made a decision on the whistleblower claim. Whether the relief is separable. Here's what you wrote in the response to the jurisdictional question. This is at pages two and three. Quote, each of these claims, meaning all of them, each of these claims are to seek recompense for Ms. Scott's termination and sought back pay and damages for emotional distress. And then you note that the one difference, the only difference really between one and the other is attorney's fees. And when you're entitled to attorney's fees for tortious interference, you're not. That doesn't seem to be separable enough to meet the finality requirement under 54B. Do I have any of that wrong? Tell me how I have it wrong. I just thought it was within the discretion of the trial judge to separate it out that way, to say that the one is good for trial and we're going to go to trial on it, but we're going to wait for the 11th Circuit's opinion on the whistleblower claims. Even if we got to the reasons part, don't we require some explication of what those reasons are? Here, as I read the order, it's a long order of the summary judgment. It's very well done. But then we get to the rule 54B part and it just says, I find that there's just reasons for an immediate appeal, period. Well, I think that there was enough agonizing going on in reaching the summary judgment conclusion in favor of the employers that it was simply made obvious there how close the questions were. Let me ask you the question this way. Is the relief that you seek the same with regard to all four counts or is there a difference? Is there any relief that you seek on the tortious interference claim that's different from the relief you seek on the statutory claims? There's two things. There are punitive damages available under the tortious interference. Are punitive damages available on the statutory claims? No, not on the whistleblower claims. I don't think that either the public or the private allows for punitive damages, but the tort claim allows for punitives, but I don't see how it allows for reinstatement, whereas the whistleblower claims allow for... Right, so as I see what you're seeking, the relief maybe falls into three categories, maybe there are only two. One is compensation. That's the same, right? The back pay is the same, yes, sir. That's the same regardless of what count we're talking about. Lost income is the same regardless. The second is punitive damages. You say that's different. That's the tort claim only. Only on the tort claim. And three, you want reinstatement, right? Right, and that's only under the whistleblower, I think. You're not seeking reinstatement under the tortious interference claim? We would if we could, but I don't think it's a certainty that it's available. And it's a certainty that it's available under the whistleblower. Your answer to Judge Luck, I suppose, is the relief is pretty, pretty close on all three, but not quite coextensive. There's a little bit of daylight between one and the other. Yes, you're right. That'd be a fair way to put it. Of course, the problem with that is if it substantially overlaps, then you can't say that they're separable, can you? Can't say what? You can't say the claims are separable. It seems to me the problem is that they may not be identical. They're pretty close. And if they're substantially overlapping, then it seems to me that this may not be a proper 54-B certification. Well, if that's the case, then you're going to bounce us on jurisdiction, I think. Yeah, I don't think that would be the right thing. I think we need to have the certified question resolved. Right, but before we can reach out and hear a case that is not complete, you've got to pass over a number of hurdles. And it seems to me the first hurdle you have is that the relief you seek on all four claims substantially overlap, even if they're not exactly coextensive. Yeah, I think we've got enough daylight. And the second problem, and you can help me with it, is essentially the same operative fact pattern governs, regardless of which of these claims we're talking about. Yeah. We assert the same facts, and you say they apply to each of the four claims or counts, right? Right. And if there's enough daylight between them, and I think there is, and I see all my time's up. Would you like any more? Yeah, before you sit, can I ask you just one other question, counsel? You're on my time, not yours. What about just reason for delay? What about? Just reason for delay, the other piece of the analysis here. Does it make any sense if we're obliged to say we don't have jurisdiction to entertain what we're talking about, to hear what we do have jurisdiction over with regard to the other defendant, which is gone with the wind as far as the district court. He's done everything he could possibly do. But wouldn't we be in the position where two panels on this court would have to hear essentially the same statutory questions twice, once now for one of the parties, and once later for the other party as to whom the case is not complete? In other words, Centurion, there's a final, there's maybe not a final judgment there, against advanced pharmaceutical, there is. But the question is, is there really no just reason for delay in this instance? Well, that's the question. No, I think that whatever you decide here is going to find itself binding in many respects on remand when we get back. So it's not like you're going to get the same question over again. Or even that the trial court is going to have to have a full dress proceeding on the same question. So if that's the concern, I don't think it's a really obtrusive one, or one that there fears with the court's efficient processing of its work. Okay, you've saved some time for rebuttal. Let's hear from Mr. White. Thank you, Your Honor. May it please the court, I'm Tyler White for Advanced Pharmaceutical Consultants. And I'll first address the why three instances that appellant sites do not demonstrate that the appellant engaged in protected activity under Florida's Private Whistleblower Act. I think we might want to talk about jurisdiction. You want to talk about jurisdiction? Okay. Yeah, I mean, I understand that all the appeals, all the counts against your client were resolved. So it's certainly final. But all we have on no just reason for delay is the district court said that because of trial stacking up, we just issued an opinion that says that doesn't work. Payden versus Stevens, did you see that opinion of our court? I'm not sure. Late last year. 50 F 4th 972. You might look at that. Okay. We said the determination in this case that there is no just reason for delay rested on a single factual finding that this litigation could potentially remain pending for quite a lengthy time due to the COVID-19 pandemic. And, and we held that. Well, that's just nothing more than inconvenience and didn't satisfy 54 B. All you have here is just a boilerplate conclusory assertion really by the district court. Um, this is no, there's no just reason for delay, but really no other explanation. And our president say that doesn't get really any difference from us. So I'm at a loss to understand what the pressing need was for a piecemeal appeal, um, in, in this situation, why this just can't, can't wait until there's a final judgment in the case. Yes, Ron, certainly from advanced pharmaceuticals standpoint, they really don't have a dog in that fight, I guess, as it were, um, I can certainly turn it over to my, uh, co-defendant counsel who may have a perspective from, um, I don't know. I'm talking about yours, advanced pharmaceuticals, right? Okay. What it would mean is that we dismiss the appeal as to your client. And if there's going to be litigation about it, uh, about that dismissal, uh, it'll have to come later after a final judgment in the case. Are you saying no objection? No objections to that. Your honor. Okay. Okay. Would you, would you like to hear from Centurion or I don't have any further questions from you. I don't know if my colleagues do and I have none. Thank you. Okay. Yeah. Let's, then let's hear from Centurion, please. Uh, Ms. Malloy. Good morning. May it please the court. I'm Catherine Malloy of Greenberg Troy and thank you for the opportunity to present oral argument on behalf of Centurion of Florida LLC. Um, we are here because the appellant Rhonda Scott has appealed district court's grant of summary judgment in favor of Appley APC. And in her notice of appeal, she also specifically appealed the summary judgment that was granted in favor of Centurion on three of the four accounts. Um, while Centurion concedes, it did not file a petition to appeal within 10 days as required under 1292B. We noticed a cross appeal because in, in reviewing the entire matter and the facts and the legal issues, we believed that it would serve the interest of judicial economy to have the same court consider the same set of facts and these claims all at once. You agree on, I'm sorry, if, if you didn't file that application, that means we have a jurisdiction dictional defect as to the cross appeal. And I don't, I don't see how we can hear it. Governor, that's correct. We did not file the application. There is precedent in this court that the court has construed briefs as applications for, um, petition to appeal. Um, however, in this case we did violate, I'm sorry, outside the 10 days. Yeah. Yes, Your Honor. Um, however, um, Your Honor. What about the idea that there's just not jurisdiction over the, um, over Scott's appeal against your client, uh, because the claims are not, uh, are not really separable. Um, the, there's substantial overlap in the claims for relief, the remedies that she seeks with, for these various accounts. And, and perhaps that appeal has to be dismissed in that event. I don't even know how you can have your judicial economy argument, right? I would agree with Your Honor on the latter half of that, that in that event, um, we would not have our judicial economy argument. What about the former part of it? Your Honor, under 54 B, um, there is case law that supports that the claims are separable. However, you know, the court's analysis that the punitive damages issue is a, is a small distinction in light of the overall relief and the facts of the case is persuasive. And moreover, it requires pleading of, uh, outrageousness, um, to support a claim, uh, for, or, or, you know, request for punitive damages. Um, and I, I just don't see how that's really even a viable request anyway, just based on this complaint. We do certainly agree that there's no malice or outrageousness pled. And that's another reason that we thought the tortious interference claim failed. But yes, Your Honor, without that, and with the, um, the separable claims still having the same relief with back wages, if the court dismissed the entire appeal, then certainly it would promote judicial economy to have another court hear the entire appeal at the end of the case, instead of hearing a piecemeal now. But just to be quite clear, then you have no objection to that resolution? We do not, Your Honor. What about the just reasons for delay? Do you have any? Your Honor, at the, at the district court level, um, the unique circumstances of this case are that the district court initially granted summary judgment without the 54B or 1292B certification. A pretrial conference was held at which time the court had the opportunity to look at all the facts in the case. And it was at that time, I believe there was discussion about whether a 54B. What Judge Pryor said, though, is, is exactly right, which is whatever the district court may have had in mind at the pretrial conference, where there is no finding in the order, where there's just a bare bone, a bare bones assertion of just reasons for delay, we owe it no deference. Now, that doesn't mean we don't look at whether there are or aren't. And I'm asking you, are there or are there not any, um, even if the claims were severable for your client? Your Honor, at this time, the trial in this matter would proceed against Centurion on the tortious interference claim only. That tortious interference claim, um, is premised on, uh, allegations of improper method. Otherwise, Centurion had a, a right, a privilege to interfere in the contractual relationship. I think that because the retaliation is the improper methods that are alleged to support, um, getting out of that privilege for the plaintiff, um, I think that it made sense for the court to consider all of it and consider since the retaliation claims had been dismissed, should the tortious interference claims then also be dismissed. And I think that's the, the reason that perhaps this appeal should go forward for the court to consider whether a, a tortious interference claim where a defendant has a qualified privilege, um, can proceed when all the underlying retaliation claims have been dismissed. It's the same set of facts. Okay. Um, you have anything else for us, Ms. Boyd? No, Your Honor. Great. Um, thank you. Mr. Johnson, you say five minutes. Hey, please, the court, I'm trying to think of what's going to happen if, um, the appeal is dismissed on jurisdictional grounds. I wonder if that means that we just go to trial in the tortious interference, um, or if the court, uh, said, well, those questions were so close that, you know, uh, well, let's, let's re-brief the whistleblower stuff. Um, and, uh, you know, I think that'll all be up to Judge Hinkle. Yeah. Yeah. I think it will too. And, uh, that's really where we are. So, um, I've said what I have to say, uh, given what, uh, Your Honors have said. And, uh, if you have anything more for me, I'll be glad to answer it. But if not, I think we've exhausted it. Okay. Thank you. Uh, we'll move to our next case.